2-1-25

Office of the Clerk
United States District Court
Reginald Draughn
Inmate No-0082158
Case No. 2-25-420
Civil Suit

1. Dragonetti Act
2. Civil rights-42-USCS 1997d institutionalized persons Act.
3. USCS §242 Deprivation of rights
4. Dismissal with prejudice
5. §1983 Civil Action for deprivation of rights
4. §246 Deprivation of relief benifits.
5. §241 conspiracy against rights
6. §245 - Johnson v Mississppi, 412 US, 213
7. 18 USCS §1623 False declarations before grand jury.
8. tort

Thank You
Reginald Draughn

motions
motion to dismiss 2) nominal bail, rule 600, habeas corpus, 2, I also would like to add the Dragonetti Act.

2-2-25
I contacted my brother to see if I could hire a attorney for my criminal proceeding and he informed me that I have a 3 third court date that I haven't been informed of by prison counselor Mr. Izwalt or public defender Sameer M. Barkawi. ESQ. My next two dates in Febuary are on the 13th and 18th. But no one has told me anything. I'm not even allowed to go to medical or retrieve my footwear which I've put in 6 request slips. It's only a pair of sneakers,

Thank You
Reginald Drayton



# COURT OF COMMON PLEAS OF CHESTER COUNTY
### 15TH JUDICIAL DISTRICT OF PENNSYLVANIA
P.O. BOX 2746
WEST CHESTER, PENNSYLVANIA 19380-0989
(610) 344-6000

JOHN L. HALL
PRESIDENT JUDGE

JUDGES
ANN MARIE WHEATCRAFT
PATRICK CARMODY
ALLISON BELL ROYER
BRET M. BINDER
ANALISA SONDERGAARD
ANTHONY T. VERWEY
ALITA A. ROVITO
FREDDA L. MADDOX
DEBORAH S. RYAN

SARAH B. BLACK
NICOLE R. FORZATO
THOMAS P. McCABE
JACQUELINE C. CODY, SENIOR JUDGE
KATHERINE B. L. PLATT, SENIOR JUDGE
WILLIAM P. MAHON, SENIOR JUDGE
DAVID F. BORTNER, SENIOR JUDGE
JEFFREY R. SOMMER, SENIOR JUDGE

December 19, 2024

Mr. Reginald B. Draughn
#82158
Chester County Prison
501 South Wawaset Road
West Chester, PA 19382

Re: Commonwealth vs. Draughn
No. 2835-2021

Dear Mr. Draughn:

We have received your *pro se* Motion for Waiver of Counsel with 3 letters which were filed of record on December 12, 2024. A review of the docket of your case indicates you are represented by counsel, Sameer M. Barkawi, Esquire.

We are not permitted to accept *pro se* filings while a defendant is represented by counsel. Indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. See *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. You have no right to hybrid representation. Accordingly, we have forwarded a copy of your motions to Mr. Barkawi, who will be made aware of your concerns and file the proper motion if appropriate.

Very truly yours,

Thomas P. McCabe

TPM/hos
cc: Sameer M. Barkawi, Esquire (w/enclosures)
Anne K. Yoskoski, Esquire (w/enclosures)



# COMMONWEALTH OF PENNSYLVANIA
## JUDICIAL CONDUCT BOARD

Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 3500
P.O. Box 62525
Harrisburg, PA 17106-2525

(717) 234-7911

December ~~~

Mr. Reginald B. Draughn
Inmate# 0082158
Chester County Prison
501 South Wawaset Road
West Chester, PA 19382

Re: Judicial Conduct Board File No. 2024-778 (Judge Binder)

Dear Mr. Draughn:

In order to aid in the confidential investigation into Judge Binder, please provide the full name of the case and docket number. Thank you for your cooperation.

Sincerely,

Elizabeth B. Ruby
Deputy Counsel

EBR/jec



# COMMONWEALTH OF PENNSYLVANIA
## JUDICIAL CONDUCT BOARD

PENNSYLVANIA JUDICIAL CENTER
601 COMMONWEALTH AVENUE, SUITE 3500
P.O. BOX 62525
HARRISBURG, PA 17106-2525
WWW.JCBPA.ORG

717-234-7911

November 5, 2024

Mr. Reginald B. Draughn
Inmate# 0082158
Chester County Prison
501 South Wawaset Road
West Chester, Pennsylvania 19382

Re: Judicial Conduct Board File No. 2024-722 (Judge McCabe)

Dear Mr. Draughn:

Receipt of your Confidential Request for Investigation about Judge McCabe is acknowledged. This office will conduct an investigation into the matter you have reported and will contact you as deemed necessary.

Pursuant to the Pennsylvania Constitution, the Board's work is confidential; therefore, it cannot provide a status update on your case or share information about the investigation. However, you will be notified in writing as to the final disposition of your request for investigation. Please know it is often many months after receipt of a complaint before a final disposition can be made.

It is important that you understand that the Board can take no action to protect or promote your personal legal concerns or personal litigation objectives; therefore, you should not delay in seeking legal advice or taking any action needed to protect your rights. If you have any questions about your rights, you should promptly seek legal assistance or advice from legal counsel or other appropriate sources. If you do not have an attorney and believe you need one, you may contact the Pennsylvania Bar Association Lawyer Referral Service toll-free at 1-800-932-0311.

We take your request for an investigation very seriously and will conduct a thorough investigation. Thank you for bringing this matter to our attention.

Very truly yours,

JUDICIAL CONDUCT BOARD



# COURT OF COMMON PLEAS OF CHESTER COUNTY
### 15TH JUDICIAL DISTRICT OF PENNSYLVANIA
P.O. BOX 2746
WEST CHESTER, PENNSYLVANIA 19380-0989
(610) 344-6000

JOHN L. HALL
PRESIDENT JUDGE

JUDGES
ANN MARIE WHEATCRAFT
PATRICK CARMODY
ALLISON BELL ROYER
BRET M. BINDER
ANALISA SONDERGAARD
ANTHONY T. VERWEY
ALITA A. ROVITO
FREDDA L. MADDOX
DEBORAH S. RYAN

SARAH B. BLACK
NICOLE R. FORZATO
THOMAS P. McCABE
JACQUELINE C. CODY, SENIOR JUDGE
KATHERINE B. L. PLATT, SENIOR JUDGE
WILLIAM P. MAHON, SENIOR JUDGE
DAVID F. BORTNER, SENIOR JUDGE
JEFFREY R. SOMMER, SENIOR JUDGE

December 2, 2024

Mr. Reginald B. Draughn
#82158
Chester County Prison
501 South Wawaset Road
West Chester, PA 19382

Re:   Commonwealth vs. Draughn
      No. 2835-2021

Dear Mr. Draughn:

We have received your *pro se* Motion to Dismiss with Prejudice and/or Nominal Bail, which was of record on December 2, 2024. A review of the docket of your case indicates you are represented by counsel, Sameer M. Barkawi, Esquire.

We are not permitted to accept *pro se* filings while a defendant is represented by counsel. Indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. See *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. You have no right to hybrid representation. Accordingly, we have forwarded a copy of your motions to Mr. Barkawi, who will be made aware of your concerns and file the proper motion if appropriate.

Very truly yours,

Thomas P. McCabe

TPM/hos
cc:  Sameer M. Barkawi, Esquire (w/enclosures)
     Anne K. Yoskoski, Esquire (w/enclosures)



**COMMONWEALTH OF PENNSYLVANIA**
OFFICE OF STATE INSPECTOR GENERAL

January 22, 2025

Reginald Draughn, # 0082158
Chester County Prison
501 Wawaset Road
West Chester, PA 19382

      Re:    **Complaint to the Pennsylvania Office of State Inspector General**

Dear Mr. Draughn:

    Thank you for contacting the Pennsylvania Office of State Inspector General (OSIG). The OSIG is in receipt of your written complaint dated January 10, 2025. After its review, the OSIG has determined the issues raised in your complaint are not within its investigative authority. The OSIG has referred your complaint to the Lycoming County Commissioners.

                                           Sincerely,

                                           Brian R. Bowman

                                           Brian R. Bowman
                                           Assistant Deputy State Inspector General
                                           Bureau of Special Investigations

555 Walnut Street | 8th Floor | Harrisburg, PA 17101 | 717.787.6835 | www.osig.pa.gov




Thomas J. Farrell
Chief Disciplinary Counsel

Raymond S. Wierciszewski
Deputy Chief Disciplinary Counsel

Jana M. Palko
Counsel-in-Charge, Central Intake
Frick Building, Ste. 1300
437 Grant Street
Pittsburgh, PA 15219
(412) 565-3173

THE DISCIPLINARY BOARD
OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL
www.padisciplinaryboard.org

Intake Counsel

Robin B. Godfrey
Elizabeth J. Rubin
1601 Market St., Ste. 3320
Philadelphia, PA 19103-2337
(215) 560-6296

Dana M. Pirone
820 Adams Ave., Ste. 170
Trooper, PA 19403
(610) 650-8210

Anna M. Ciardi
Rebecca K. Leventopoulos
Samuel F. Napoli
Frick Building, Ste. 1300
437 Grant Street
Pittsburgh, PA 15219
(412) 565-3173

December 23, 2024

**PERSONAL AND CONFIDENTIAL**

Mr. Reginald B. Draughn
#0082158
Chester County Prison
501 Wawaset Road
West Chester, PA 19382

RE: Complaint regarding Sameer Mohammed Barkawi, Esquire
ODC File No. C2-24-1018
Complaint regarding Honorable Thomas Patrick McCabe
ODC File No. C2-24-1019
Complaint regarding William J. Judge, Jr., Esquire
ODC File No. C2-24-1202
Complaint regarding Brian Lee McCarthy Esquire
ODC File No. C2-24-1203

Dear Mr. Draughn:

We have conducted a review of your complaints regarding Mr. Barkawi, Judge McCabe, Mr. Judge, and Mr. McCarthy. Our office has determined that the complaints warrant dismissals for the reasons set forth below.

You are the defendant in the open criminal case that is docketed at <u>Commonwealth of Pennsylvania v. Reginald B. Draughn</u>, Court of Common Pleas of Chester County, PC-15-CR-0002835-2021. You are represented by Mr. Barkawi of the Chester County Public Defender's Office. Mr. Judge and Mr. McCarthy have represented the Chester County District Attorney's Office in the prosecution of your case and Judge McCabe is the presiding judge.

In your complaint to this office, you state that you are dissatisfied with the representation of Mr. Barkawi. You state, among other things, that Mr. Barkawi was

Reginald B. Draughn
December 23, 2024
Page 2 of 5

"forced on [you]" and that you have chosen to defend yourself, and that you are unlawfully imprisoned for crimes that you did not commit.[1] You state that Mr. Barkawi has failed to adequately defend you and that he is conspiring with the prosecutors, including Mr. Judge and Mr. McCarthy, as well as with the judge to convict you of criminal charges that you assert were dismissed four years ago. You state that your bail has been set at a very high dollar amount, and that your telephone conversations are monitored. You state that Judge McCabe grants every motion the prosecutors file in your case, and that Mr. Barkawi has failed to file motions that you have requested he file on your behalf, including a Rule 600 motion and a writ of habeas corpus, and he has filed motions that you have not requested, including a motion to suppress, which you assert seeks the suppression of evidence that would be beneficial in your defense. You state that Mr. Barkawi filed a motion for you to undergo a mental health evaluation so that you will remain confined in prison, and that Judge McCabe has already declared you competent. You state that Mr. Barkawi has requested many continuances in your case, and you believe that he has done so to assist the prosecutors in your case. You state that Mr. Barkawi has failed to adequately visit with you in prison and has done nothing to benefit you in your case. You also state that Mr. Barkawi and Judge McCabe are currently attempting "to railroad" you into accepting a plea offer. As to your concerns regarding Mr. Judge and Mr. McCarthy, you state that you believe that they are engaged in a scam in holding you, as well as other inmates, in prison for lengthy periods of time "for what may or may not be a crime." You state that neither Mr. McCarthy nor Mr. Judge has done anything to move your case to conclusion, and that you have been told that Mr. McCarthy is "very popular in selling his clients out to the Commonwealth," in plea deals.

At the outset, please note that the authority and jurisdiction of this office is limited to determining whether an attorney violated the Rules of Professional Conduct, and, if so, to pursue the matter within the disciplinary system. This office cannot act as your attorney. We cannot give you any legal advice, we cannot answer any questions about your cases, and we cannot intervene in any dispute, case, or matter, nor can we seek a remedy for or restoration of any rights you may feel have been violated in your cases, or in anyone else's cases. This office also cannot make any findings of fact or conclusions of law regarding your underlying case, as these are functions that are within the sole jurisdiction and discretion of the court. <u>We also cannot remove counsel from your case, nor can we appoint new counsel to you, as these are also within the sole jurisdiction and discretion of the court</u>.

Perhaps the following will better explain the applicable legal disciplinary system. the Rules of Professional Conduct are limited in scope, and express specific prohibitions in limited areas of what might be called "improper" or "unethical" behavior. Some actions which one might consider "improper" or "unethical" do not violate any of the pertinent Rules. An attorney can only be disciplined for conduct that clearly violates a specific Rule. Moreover, this office must assess matters complained of as to whether any potential

---

[1] A review of the docket for your underlying case reflects that Mr. Barkawi remains your counsel of record and your motion pro se motion to waive counsel was denied on October 17, 2024.

Reginald B. Draughn
December 23, 2024
Page 3 of 5

disciplinary violation involved is established by a preponderance of the evidence. Surmise, conjecture or even a strong suspicion, will not suffice.

In our review of your complaints, we have considered your complaints and the subsequent correspondence you have sent to this office. We have also obtained and reviewed the relevant dockets for your underlying case.

With respect to any dissatisfaction you have regarding actions Mr. Barkawi has taken or has failed to take on your behalf in your case, please understand that securing the services of an attorney, whether he or she is privately retained or appointed by the Court, is done in reliance on his or her professional judgment and advice. The fact that the client may disagree with the attorney's advice, judgment or conduct does not necessarily mean that the attorney has engaged in any violation of the Rules of Professional Conduct. An attorney's advice or judgment as to action which should or should not be taken on a case (including the determination of what motions are appropriate to file in a case) is often unique to the circumstances surrounding that matter.[2] Further, an attorney has discretion in representing a client. In general, this office will not second-guess those actions during representation, unless there are compelling and substantial indications that we should do so. Those indications are not present in your description of the circumstances of the circumstances of your complaint.

To the extent that you are making allegations of ineffective assistance of counsel, we note that this does not necessarily amount to conduct which constitutes a violation of the Rules of Professional Conduct. Regardless, please understand that, with few exceptions not relevant to your case (for example, in some circumstances where a criminal defendant has been acquitted), allegations of ineffective assistance of counsel should be initially directed to and addressed by the criminal courts. The criminal courts are in the best position to assess the conduct of defense counsel in cases before those courts.

If you raise your concerns with the court and any court makes a finding of ineffective assistance of counsel or other wrongdoing as to Mr. Barkawi, you may refer that determination and supporting documentation to this office along with a request to reopen this file. We will then assess, in light of the finding of the court, whether professional misconduct amounting to a violation of the Rules was involved.

As to your complaint that you have been charged for crimes that you did not commit, please be advised that the duly elected District Attorney of each county – often through his or her assistants -- has the authority to decide whether and which criminal charges to file and pursue, including with respect to private criminal complaints that have been filed by individuals. This broad power is called prosecutorial discretion. It is not the

---

[2] Please understand that an attorney's failure to file motions that a client requested be filed in a case is not a *per se* violation of any Rule. Counsel is tasked with the responsibility to file only those motions or petitions that counsel deems to be legally valid or meritorious.

Reginald B. Draughn
December 23, 2024
Page 4 of 5

role or function of this office to review or disturb that discretion, or to substitute its judgment for that of the office of the District Attorney, and your allegations regarding the exercise of that discretion do not substantiate a violation of the Rules of Professional Conduct. We suggest that you consult with your legal counsel who can provide you with legal advice regarding your concerns.

As to your other complaints regarding Mr. Judge and Mr. McCarthy, to the extent that you are asserting that they engaged in prosecutorial misconduct in your case, please be advised that there are several circumstances in which the Disciplinary Board will consider a complaint that alleges professional misconduct by the prosecutor. One of these circumstances is when there has been a specific, written adjudication in post-conviction or appellate proceedings that the attorney complained of engaged in "prosecutorial misconduct." If you are successful in having a court rule that Mr. Judge or Mr. McCarthy engaged in prosecutorial misconduct, you may at that time resubmit your complaint to this office. If you do, please refer to the specific court opinion or decision involved. We will then consider and determine whether any violation of the Rules of Professional Conduct occurred. Alternatively, if you are convicted in your underlying case and you raise a claim of prosecutorial misconduct against Mr. Judge or Mr. McCarthy in a post-trial, appellate or PCRA proceedings, and your conviction or sentence are reversed or a new trial is ordered, you may at that time submit documentation of same to this office for consideration.

As to your concerns regarding Judge McCabe, as noted above, our jurisdiction and authority is limited to attempting to enforce the Pennsylvania Rules of Professional Conduct against Pennsylvania attorneys. This office does not have jurisdiction over judges.

If you wish to file a complaint against a judge, you may receive the necessary forms and information by contacting the Judicial Conduct Board, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Suite 3500, P.O. Box 62525, Harrisburg, PA 17120-0901. Complaint forms are also available on the Judicial Conduct Board's website at http://judicialconductboardofpa.org/filing-a-complaint/.

We do not have a basis to conduct further disciplinary inquiry at this time and have dismissed your complaint, as set forth above.

Reginald B. Draughn
December 23, 2024
Page 5 of 5

    With few exceptions, the attorney disciplinary system is confidential and remains so unless and until formal disciplinary charges are filed by the Office of Disciplinary Counsel against the respondent-attorney with the Disciplinary Board and the respondent-attorney has had the opportunity to answer those charges.

                          Very truly yours,

                          Elizabeth J. Rubin
                          Disciplinary Counsel

EJR:rco

Reginald Draughn   K27
501 Wawaset Road,
West Chester, PA. 19382      $2.59

Office of the Clerk
United States District Court
for the Eastern District of Pennsylvania.
Philadelphia, PA. 19106-9865

FIRST-CLASS MAIL
IMI
$002.59
02/05/2025 ZIP 19382
043M31228302

RECEIVED
FEB 10 2025

U.S.M.S. X-RAY