IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD DRAUGHN, | : |
|     Plaintiff, | : |
| | : |
| v. | :  Case No. 2:25-cv-0420-JDW |
| | : |
| SOUTH COATESVILLE POLICE, *et al.*, | : |
|     Defendants. | : |

## MEMORANDUM

Reginald Draughn has filed an Amended Complaint asserting civil claims against Valley Township Police, South Coatesville Police, Officer Todd Smith, Detective James Cheffo, Officer Christian Yeager, and Branden Youngman, DO. I will dismiss Mr. Draughn's Amended Complaint with leave to amend some claims.

## I.  FACTUAL ALLEGATIONS[1]

Mr. Draughn appears to suffer from anxiety, depression, and schizophrenia, and began behaving erratically after suffering a stroke. Between June 1 and July 11, 2020, Mr. Draughn called law enforcement on 15 occasions to report attempted burglaries, a murder conspiracy involving his wife, and people cutting his phone line, for which police could not find any evidence. Det. Cheffo, a Detective with the Valley Township Police

---

[1] I have taken the factual allegations in this Memorandum from the Amended Complaint (ECF No. 8), which consists of the Court's preprinted form available for prisoners to file civil rights claims, as well as several attached exhibits and two additional exhibits that Mr. Draughn filed separately (ECF Nos. 9, 11).

Department, apparently concluded that Mr. Draughn posed a danger to himself and others. On July 14, 2020, Det. Cheffo sought to have him involuntarily committed for an emergency examination and treatment under Section 302 of the Mental Health Procedures Act of 1976 ("MHPA").

According to Mr. Draughn's testimony in a later court hearing, he was held at Brandywine Hospital for approximately 12 hours, then transferred to the Coatesville VA Medical Center, where he was held for an additional four days. On July 14, 2020, Dr. Youngman opined that Mr. Draughn "continues to be severely mentally disabled and in need of involuntary inpatient, outpatient, or partial hospitalization treatment or a combination under Section 301(b)(2) or (2)." (ECF No. 8 at 17.)

On July 31, 2020, Mr. Draughn attempted to purchase a firearm and indicated on the application form that he had never "been adjudicated a mental defective [or] … committed to a mental institution." (ECF No. 8 at 26.) Roughly a year later, on August 5, 2021, Mr. Draughn was charged in the Chester County Court of Common Pleas with felony and misdemeanor counts of giving materially false information in connection with the purchase of a firearm based on that attempted transaction. *See Commonwealth v. Draughn*, CP-15-CR-2835-2021. The case has been pending since that time, and according to the public docket, Mr. Draughn was taken into custody on August 16, 2024. He remains confined at the Chester County Prison. Mr. Draughn asserts that as a result of these

2

incidents, he has "had to live on the streets, [in a] shelter, etc." and has "spent in excess of $15,000 … in hotels … not to mention the emotional and mental duress." (*Id.*)

Mr. Draughn asserts that Det. Cheffo and Officer Smith violated his civil rights when they sought to have him involuntarily committed at two different hospitals. He also asserts that "the court and Judge McCabe deprived me of my constitutional rights," though it's not clear that he has asserted those claims in this case (he has other cases pending in this Court).[2] (*Id.* at 4.) He also complains about his incarceration. He seeks monetary damages.

## II.   STANDARD OF REVIEW

Although Mr. Draughn has paid the filing fee in full, I have the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) Section 1915A requires a "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). That screening requires me to determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual

---

[2] Mr. Draughn appears to be referring to Judge Thomas P. McCabe, who presided over Mr. Draughn's criminal case in the Chester County Court of Common Pleas, discussed further below, until he recused himself on February 24, 2025. Mr. Draughn has not named Judge McCabe as a Defendant in this action.

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

The exact nature of Mr. Draughn's claims is unclear. Because he alleges that police officers and a doctor violated his rights when they had him involuntarily committed under Section 302 of the MHPA, I understand Mr. Draughn to assert claims for unlawful search and seizure under the Fourth Amendment and denial of due process under the Fourteenth Amendment, although he may be asserting other claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims

Mr. Draughn asserts official capacity claims[3] against both Officer Yeager, a police officer with the South Coatesville Police Department, and Dr. Youngman, who appears to be a physician witmh the Coatesville Veterans Administration Medical Center.[4] I must analyze the official capacity claims against them under different standards.

#### 1. Officer Yeager

Claims against municipal officials named in their official capacity, such as Officer Yeager, are indistinguishable from claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To allege a claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Mr. Draughn fails to allege that he suffered a constitutional violation due to a policy or custom of the South Coatesville Borough, so official capacity claims against Officer Yeager are not plausible.

---

[3] Mr. Draughn does not specify in the Amended Complaint whether he sues Officer Smith and Det. Cheffo in their individual capacities, official capacities, or both.

[4] Mr. Draughn lists Dr. Youngman's title as "DO," which I understand to mean Doctor Of Osteopathic Medicine.

5

### 2. Dr. Youngman

Mr. Draughn seeks to bring official capacity claims against Dr. Youngman, a federal official, citing *Bivens v. v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). *Bivens* provides a remedy for certain constitutional violations that federal actors commit. *See, e.g., Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015). However, "[a]n action against government officials in their official capacities constitutes an action against the United States; and sovereign immunity bars *Bivens* claims against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, Mr. Draughn's claims against Dr. Youngman in his official capacity cannot proceed.

### B. Claims Against Police Departments

Following the decision in *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department may not. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997). Therefore, Valley Township Police and South Coatesville Police are not proper defendants in this case under Section 1983, so I will dismiss claims against them.

### C.     Constitutional Claims Against Individual Defendants

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular allegations of personal direction or of actual knowledge and acquiescence." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quote omitted). This doctrine applies to *Bivens* claims as well. *See Folk v. United States*, No. 22-599, 2024 WL 233227, at *8 (M.D. Pa. Jan. 22, 2024).

Other than list Dr. Youngman as a Defendant, Mr. Draughn fails to describe in the Amended Complaint how Youngman was involved in a violation of his civil rights. The references to Dr. Youngman appear only in exhibits, and a plaintiff may not state a claim through exhibits alone because "merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021).

Mr. Draughn also makes no allegations about Officer Yeager's involvement with any conduct that violated his rights. He therefore cannot maintain a claim against Officer Yeager in his individual capacity.

Mr. Draughn alleges that Officer Smith and Det. Cheffo violated his civil rights when they sought to have him committed under the MHPA on or about July 14, 2020. I understand Mr. Draughn to assert claims under the Fourth Amendment for unlawful

7

search and seizure and the Fourteenth Amendment for denial of due process. An involuntary commitment ordered pursuant to the MHPA is constitutional, provided that the government officials reasonably determined that the individual posed a clear and present danger" to themselves or others. *See Doby v. DeCrescenzo*, 171 F.3d 858, 874 (3d Cir. 1999); *see also* 50 Pa.C.S.A.. § 7301(a). The MHPA defines circumstances that constitute a "clear and present danger" to include inflicting or attempting to inflict serious bodily harm to another with accompanying acts in furtherance of the threat; an apparent inability to care for oneself such that there is a reasonable probability of death or serious bodily injury in the absence of adequate treatment; an attempt at suicide or a threat to commit suicide accompanied by acts in furtherance of that threat; self-mutilation or a threat to engage in self-mutilation accompanied by acts in furtherance of that threat. *See* 50 Pa.C.S.A. § 7301(b).

      Mr. Draughn has not alleged facts to plead a plausible Fourth Amendment claim based on Officer Smith's and Det. Cheffo's conduct. He does not allege any facts to suggest their conduct was unreasonable. To the contrary, the exhibits to the Amended Complaint reflect that Mr. Draughn exhibited paranoid and delusional behavior, reported to law enforcement that he owned guns, and told them he believed his wife and others were plotting to kill him. He also does not allege facts to show a plausible violation of the MHPA procedures. Without some allegation that suggests that Officer Smith or Det. Cheffo acted unreasonably, his claim cannot proceed.

## IV.   CONCLUSION

I will dismiss Mr. Draughn's Amended Complaint for failure to state a claim. I will dismiss the claims against South Coatesville Police and Valley Township Police and the official capacity claims against Dr. Youngman with prejudice because Mr. Draughn could not submit an amended pleading that would cure the flaws in those claims. I will permit Mr. Draughn to file a second amended complaint, if he is capable of asserting timely claims and correcting the defects that I have identified with his remaining claims. An appropriate Order with additional information about amendment follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 31, 2025