IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD DRAUGHN,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | Case No. 2:25-cv-00420-JDW |
| : | |
| **TODD SMITH,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

Reginald Draughn, a pretrial detainee incarcerated at Chester County Prison ("CCP"), has filed a Third Amended Complaint ("TAC") asserting civil claims. He names as Defendants Todd Smith, James Cheffo, Christian Yeager, and Branden Youngman, DO. For the following reasons, I will dismiss the TAC with prejudice.

## I.     FACTUAL ALLEGATIONS

The factual allegations in the TAC are sparse. Mr. Draughn asserts, "my rights have been violated over a case that has been dismissed over 4 years ago. I've also been assaulted several times and constantly put in harm's way." (ECF No. 27 at 3.) He states that he was the victim of an assault, most recently on March 23, 2025, while on K block at CCP by non-party Officers Little, Guldan, Carroll, and Hirsch, and that non-party Corporal Gunthrie later pepper-sprayed him in a continuation of the incident on the medical block.[1]

---

[1] In the section of the form complaint regarding his exhaustion of administrative remedies, Mr. Draughn also mentions in passing a November 14 use of force incident allegedly involving one or more of the Defendants that preceded the incident on March

Mr. Draughn believes he suffered a fractured right knee as a result of the incident. While he listed Officers Smith, Cheffo, Yeager, and Youngman as Defendants, Mr. Draughn makes no allegations about how any of these individuals violated his rights.

On March 31, 2025, I screened Mr. Draughn's First Amended Complaint and dismissed it with leave to amend. Mr. Draughn filed a Second Amended Complaint on April 14, 2025, which consists only of a handwritten list of Defendants and legal theories. Before I could screen the SAC, Mr. Draughn filed the Third Amended Complaint on April 21, 2025. I deem the later-filed Third Amended Complaint to be the operative complaint.

## II.   STANDARD OF REVIEW

Although Mr. Draughn has paid the filing fee in full, I have the authority to screen his TAC pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The test is whether a complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether

---

23. He does not describe it further, and it is unclear whether Mr. Draughn seeks to assert a claim based on the November incident. To the extent Mr. Draughn intended to allege claims based on the November incident, those claims are dismissed without prejudice to him including them in Case No. 25-531, currently pending against Officers Little, Guldan, Carroll, and Hirsch, and Corporal Gunthrie.

the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Draughn does not allege any facts as to any defendant's actions from which I can infer that any of them violated Mr. Draughn's civil rights. Other than being listed as defendants, Mr. Draughn does not discuss these individuals in the TAC. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Because Mr. Draughn does not allege any actions by these individuals that violated his rights, his claims against them are not plausible.

The allegations in the TAC appear to center on alleged excessive use of force by Officers Little, Guldan, Carroll, and Hirsch, and Corporal Gunthrie, who Mr. Draughn did not name as defendants in this action. These allegations form the basis of a separate claim that Mr. Draughn has pending. See *Draughn v. McCabe, et al.*, No. 25-531 (E.D. Pa.). I will address those claims in the other pending case and dismiss them here. See *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) A district court, "[a]s part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

**IV.    CONCLUSION**

I will dismiss Mr. Draughn's TAC for failure to state a claim pursuant to 28 U.S.C. 1915A(b)(1). Because the claims that he asserts in the TAC based on the alleged assault in March 2025 are duplicative, further amendment of the complaint would be futile and I will therefore dismiss it with prejudice. To the extent Mr. Draughn seeks to allege an excessive use of force claim based on the incident in November 2024, he may do so in Case No. 25-531.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 18, 2025